# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
CORRECTED VERSION Filed: October 24, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LISA SPENCER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1384V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Stipulation Decision. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hill, CA, for petitioner.
*Linda S. Renzi*, Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 29, 2017, Lisa Spencer ("petitioner"), filed a petition pursuant to the National Vaccine Injury Compensation Program. Petitioner alleged as a result of influenza ("flu") vaccine received on August 27, 2015, she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at Preamble (ECF No. 1). The parties agreed on a stipulated resolution of this case awarding compensation to petitioner on July 15, 2019. ECF No. 37. On July 16, 2019, the undersigned entered a Decision on Stipulation. ECF No. 38.

On August 28, 2019, petitioner filed an application for attorneys' fees and costs. Petitioner's Fees Application ("Fees App.") (ECF No. 43). Petitioner requests a total of $15,330.99 in attorneys' fees and costs. Fees App. at 10. Respondent responded to the motion on August 29, 2019. ECF No. 44. Respondent stated, "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case," and requests that the undersigned "exercise his discretion and determine a reasonable award for attorneys' fees and costs." For the reasons discussed below, I **GRANT** petitioner's motion for attorney's fees and costs and award a total of $15,330.99.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

### I.     Legal Standard

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a Stipulation and therefore he shall be awarded reasonable attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### II.     Reasonable Attorneys' Fees and Costs

#### a.   Hourly Rate

Petitioner requests compensation for her attorneys, Mr. Jeffry S. Pop, Ms. Kristina E. Grigorian and Ms. Alexandra B. Pop for work performed in 2016, 2017 and 2018. Fees App. at 2.

Petitioner requests that Mr. Pop be compensated at $420.00 per hour in 2016, 2017 and 2018 and at $453.00 per hour for work performed in 2019. Petitioner requests that Ms. Grigorian be compensated at $250.00 per hour for work performed in 2016, 2017 and 2018 and at a rate of $292.00 per hour for work performed in 2019. Additionally, petitioner requests that Ms. Pop be compensated at a rate of $225.00 per hour for work performed in 2016, 2017 and 2018 and at a rate of $262.00 per hour for work performed in 2019. Petitioner also requests that work performed by law clerk in 2016, 2017 and 2018 be compensated at a rate of $125.00 per hour and at a rate of $138.00 per hour for work performed in 2019.

Petitioner's requested rates are consistent with the rates awarded by myself other special masters. *See Rosa v. Sec'y of Health & Human Servs.,* No. 14-886V, 2017 WL 3083143 (Fed. Cl. Spec. Mstr. June 14, 2017); *Franco v. Sec'y of Health & Human Servs.,* No. 16-99, 2018 WL 4141292 (Fed. Cl. Spec. Mstr. Jul. 31, 2018); and *Hebden v. Sec'y of Health & Human Servs.,* No. 18-158V, 2019 WL 2453261 (Fed. Cl. Spec. Mstr. Apr. 5, 2019). Additionally, these rates are consistent with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule.[2]

---

[2] OSM Attorneys' Forum Hourly Rate Fee Schedules, http://www.cofc.uscourts.gov/node/2914 (accessed on Oct. 21, 2019).

### b. Hours Expended

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521. Petitioner included a detailed time sheet that provides a break down of the tasks performed by each attorney and law clerk in the relevant time period. Fees App. Ex. 1. After reviewing the invoice of the hours billed, I find that the hours bill are reasonable and no reductions are necessary. **Accordingly, petitioner is awarded attorney's fees in the amount of $14,744.20.**

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,310.60 in attorneys' costs. These include the costs of obtaining medical records, postage and the filing fee for the petition. Fees App. Ex. 2 at 1. These costs are typical of the expenses in the Vaccine Program. The amounts are reasonable and adequately documented. Therefore, these costs will be awarded in full. **Accordingly, petitioner is awarded $586.79 in attorneys' costs.**

### III. Conclusion

In conclusion with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED. Accordingly, I award the following:**

1) **A lump sum in the amount of $15,330.99, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Mr. Jeffrey S. Pop.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                                                     **s/Thomas L. Gowen**
                                                                                      Thomas L. Gowen
                                                                                      Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).